IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HAWKINS,<br><br>        Petitioner,<br><br>    v.<br><br>KELLY SANTORO,<br><br>        Respondent. | No.  2:23-CV-0641-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss this petition as containing an unexhausted claim and a claim that is not cognizable, ECF No. 13.  Respondent has lodged portions of the state court record in support of the motion to dismiss, ECF No. 14.  Petitioner has filed an opposition, ECF No. 15.  Respondent has filed a reply, ECF No. 16.

### I. BACKGROUND

        Petitioner was convicted in the Sacramento County Superior Court for human trafficking, pimping, and pandering.  See ECF No. 14-1.  On October 16, 2020, Petitioner was sentenced to a determinate state prison term of twenty years.  See id.  On March 2, 2022, Petitioner's conviction and sentence were affirmed on direct appeal by the California Court of

Appeal.  See ECF No. 14-2.  The California Supreme Court denied direct review on July 12, 2023.  See ECF No. 14-4.

This action proceeds on Petitioner's original petition, filed on December 29, 2022. See ECF No. 1.  Petitioner asserts the following grounds for habeas relief:

| | | |
|---|---|---|
| Ground One | | The trial court erred in admitting certain evidence. |
| Ground Two | | There was insufficient evidence received by the jury to prove the elements of human trafficking. |
| Ground Three | | The trial court erred and violated Petitioner's right to due process when it imposed an $8,000 fine. |

See ECF No. 1 at 5-7 (errors in original).

## II.  DISCUSSION

In the pending motion to dismiss, Respondent argues that this action must be dismissed because Ground Two is unexhausted.  See ECF No. 13.  Respondent also argues that Ground Three fails to present a cognizable claim.  See id.  Petitioner concedes in his opposition that Ground Two is unexhausted and he seeks an order holding the federal petition in abeyance and staying further proceedings pending exhaustion of Ground Two in state court .  ECF No. 15 at 2-3.  In its reply, Respondent does not oppose stay pursuant to Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).

### A.   Non-Cognizable Claim – Ground Three

The federal court's subject matter jurisdiction when considering a state prisoner's challenge to the lawfulness of state custody is set forth in 28 U.S.C. § 2254(a).  The Ninth Circuit has determined there are two distinct "in custody" requirements in this section.  Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010).  First, the petitioner must be "in custody" at the time he files his federal habeas corpus petition.  Second, the only grounds which may be considered must challenge the physical constraint.  Collateral relief from a non-custodial punishment, such as a fine or restitution order, is not made readily available to a petitioner just because he happens to also be subject to custodial penalties at that time.  United States v. Thiele, 314 F.3d 399, 402 (9th

Cir. 2002).

Here, Petitioner's third claim challenges the imposition of a restitution fine. See ECF No. 1, pg. 8. However, this claim must fail because it does not satisfy the second in-custody requirement. Specifically, the claim does not challenge Petitioner's physical constraint. See United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002). Ground Three must be dismissed with prejudice.

### B. Unexhausted Claim – Ground Two

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement, and the Court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet,

640 F.2d at 237-89.

When faced with petitions containing both exhausted and unexhausted claim (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to give two specific warnings to pro se petitioners: (1) the court could only consider a stay-and-abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he opted to dismiss the entire petition to exhaust unexhausted claims. See 330 F.3d 1086, 1099 (9th Cir. 2003). However, the Supreme Court held in Pliler v. Ford that the district court is not required to give these particular warnings. See 542 U.S. 225, 234 (2004).[1] Furthermore, the district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). Therefore, in the absence of a stay-and-abeyance motion, the district court should dismiss mixed petitions and need not provide any specific warnings before doing so. See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the "choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court")).

When, as here, a stay-and-abeyance request is made, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised

---

[1] The Supreme Court did not address the propriety of Ninth Circuit's three-step stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original petition, stay of the remaining claims pending exhaustion, and amendment of the original petition to add newly exhausted claims that then relate back to the original petition. See Pliler, 542 U.S. at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998)).

in the current federal petition, the approach set out in Kelly, 315 F.3d 1063, overruled on other grounds by Robbins, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661; see also King v. Ryan, 564 F.3d 1133 (discussing types of stay-and-abeyance procedures).

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277. If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relates back to the original petition. See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

Under Kelly, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070). Whether to exercise this option is within the discretion of the district court. See Kelly, 315 F.3d at 1070. However, the Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would otherwise be forfeited." Id. Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. See id.

The undersigned agrees with Respondent hat Petitioner did not fully exhaust Ground Two, and Petitioner concedes as much. Petitioner has requested, and Respondent does not oppose, a stay consistent with Kelly. The Court will recommend dismissal of Ground Two as unexhausted. The Court will also recommend granting a stay pending exhaustion of Ground Two in state court. Once exhaustion proceedings are complete, Petitioner may seek to amend the

original petition to include the newly exhausted claim.

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court randomly assign a District Judge to this case.

2. It is RECOMMENDED that Respondent's motion to dismiss, ECF No. 13, be GRANTED.

3. It is RECOMMENDED that Ground Three be DISMISSED with prejudice for failure to state a cognizable claim.

4. It is RECOMMENDED that Ground Two be DISMISSED without prejudice as unexhausted.

5. It is RECOMMENDED that this action be STAYED pursuant to Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), and that Petitioner be required to submit a report on the status of state court exhaustion proceedings within 60 days of the date these findings and recommendations are adopted by the District Judge and every 60 days thereafter until state court proceedings are completed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6