IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HAWKINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KELLY SANTORO,<br><br>　　　　Respondent. | No. 2:23-CV-0641-DJC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.

　　　　On July 12, 2024, the Court stayed this action pending exhaustion of claims in state court and directed Petitioner to file a status report within 60 days of the date of the Court's order and every 60 days thereafter. See ECF No. 19. Petitioner has been warned that failure to comply could result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. Petitioner filed a status report on September 19, 2024. See ECF No. 20. To date, Petitioner has not filed any further status reports.

　　　　The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk

of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of Petitioner's failure to file a status report as directed, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE