IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HAWKINS,<br><br>    Petitioner,<br><br> v.<br><br>KELLY SANTORO,<br><br>    Respondent. | No. 2:23-CV-0641-DJC-DMC-P<br><br>ORDER<br><br>And<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion to lift stay. See ECF No. 22. Respondent filed a response. See ECF No. 24.

    Petitioner originally filed his petition for writ of habeas corpus on December 29, 2022. See ECF No. 1. Petitioner asserted the following grounds for habeas relief: (1) the trial court erred in admitting evidence in violation of the Confrontation Clause; (2) insufficient evidence received to prove the elements of human trafficking; and (3) the trial court erred and violated Petitioner's right to due process when it imposed an $8,000 fine. See ECF No. 1 at 5-7. Respondent filed a motion to dismiss on September 7, 2023, arguing that Claim Two was unexhausted because it was not raised in the petition for review to the California Supreme Court and Claim Three is not cognizable. See ECF No. 13.

Petitioner filed an opposition to the motion to dismiss asserting that the petition for review was in response to the Court of Appeal's denial of relief, which raised all three claims, and therefore, Claim Two was presented to the California Supreme Court. See ECF No. 15. Petitioner additionally argued that a return to state court would be futile, asking this Court to make such a finding, and that if this Court determines the claim to be unexhausted, he requested "an Order holding this petition in abeyance" to allow Petitioner to raise Claim Two to the California Supreme Court "even though it will now be denied upon procedural grounds." Id. Respondent filed a reply to Petitioner's opposition, asserting that there was no good cause for a stay under Rhines v. Weber, 544 U.S. 269 (2005), but did not oppose a stay pursuant to Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). See ECF No. 16.

The undersigned issued findings and recommendations recommending dismissal with prejudice of Claim Three and dismissal without prejudice of Claim Two, for failure to exhaust. See ECF No. 17. Those findings and recommendations cited to case law that established that the District Court does not need to provide warnings about the relationship between a stay and the statute of limitations imposed by AEDPA. See id. (citing Robbins v. Carey, 481 F.3d 1143, 1147 (9th Cir. 2007)). In recommending a stay, the undersigned stated that "granting a stay pending exhaustion of Ground Two in state court. Once exhaustion proceedings are complete, Petitioner may seek to amend the original petition to include the newly exhausted claim." ECF No. 17, pgs. 5-6.

On July 12, 2024, the District Judge adopted the findings and recommendations in full, dismissing Petitioner's Claim Three with prejudice, dismissing Petitioner's Claim Two without prejudice as unexhausted, and staying the action pursuant to Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). See ECF No. 19. On December 13, 2024, Petitioner filed a motion to lift the stay, asserting that "the California Supreme Court issued a one-line denial of my State Petition." ECF No. 22, pg. 1. Petitioner attached the denial and mailing envelope to the motion. See id. at 2-3. In the motion to lift the stay, Petitioner did not address whether he is seeking to amend the petition to include Claim Two. See id. On February 12, 2025, Respondent filed a response, asserting that Respondent does not oppose lifting a stay but does oppose providing

1  Petitioner with leave to amend as to Claim Two because it is untimely and is still unexhausted.
2  See ECF No. 24. Respondent also stated that Gena Jones is the Warden where Petitioner is
3  currently housed and requests to substitute Gena Jones as Respondent pursuant to Rule 25(d).
4  See id.
5        Good cause appearing therefor, the undersigned will recommend that the stay be
6  lifted, and this action proceed on Claim One (admission of S. testimony violated Petitioner's
7  right to confront witnesses against him). Because Claim Two was previously dismissed as
8  unexhausted, ECF No. 19, if Petitioner would like to amend the petition to include the Claim
9  Two, Petitioner must file a motion for leave to amend the petition. The undersigned recommends
10 Petitioner be permitted to file a motion for leave to amend within 30 days of the order lifting the
11 stay. If Petitioner files such motion, Respondent would have an opportunity to respond in
12 accordance with the local rules and at that time, the Court would consider whether leave to
13 amend is appropriate.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Based on the foregoing, the undersigned orders and recommends:

1. It is ORDERED that Gena Jones be replaced as Respondent, pursuant to Rule 25(d);

2. It is ORDERED that the Clerk of the Court is directed to substitute Gena Jones as Respondent on the Docket;

3. It is RECOMMENDED that stay of proceedings imposed on January 25, 2023, be lifted;

4. It is RECOMMENDED that the pending action proceed on Claim One,

5. It is RECOMMENDED that Plaintiff be permitted to file a motion to amend the petition within 30 days of the date of the order lifting the stay.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE